UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

JOHN DAVID,

    Petitioner,                    Civil No. 05-CV-71519-DT
                                   HONORABLE ARTHUR J. TARNOW
v.                               UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO HOLD CASE IN ABEYANCE AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHIN THIRTY DAYS**

       Petitioner filed a petition for writ of habeas corpus with this Court on April 20, 2005, seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 7, 2005, Magistrate Judge R. Steven Whalen signed an Order Requiring Responsive Pleading, in which respondent was ordered to file an answer to the petition by June 24, 2005.  On July 14, 2005, this Court extended the response time to September 22, 2005.  On September 21, 2005, the Court granted petitioner leave to file an amended habeas petition and granted respondent thirty days from receipt of the amended petition to file an answer to the petition.  On September 22, 2005, petitioner filed his amended habeas petition.

       Respondent has now filed a motion to hold the case in abeyance pending

1

*David v. Birkett,* 05-71519-DT

the Sixth Circuit's decision in *Simmons v. Metrish,* U.S.C.A. 03-2609, which respondent claims will address the scope and applicability of *Halbert v. Michigan,* 125 S. Ct. 2582 (2005), the Supreme Court case which held that the federal constitution requires the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals.  Petitioner has filed a response to the motion to hold the case in abeyance.

For the reasons stated below, the motion to hold the case in abeyance is **DENIED.**  Respondent is ordered to file an answer to the amended petition within thirty days of this Court's order.

A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).  Holding a habeas petition in abeyance is similar to granting a continuance, and the granting or denying a continuance is a matter within a district court's discretion. *See Tillmon v. Hemingway,* 119 F. Supp. 2d 705, 707 (E.D. Mich. 2000); *vacated on other grds,* 20 Fed. Appx. 482 (6th Cir. 2001).  Although respondent asks this Court to hold the case in abeyance pending a decision by the Sixth Circuit in the *Simmons* case, respondent has failed to indicate the precise issue that will be decided in this case regarding *Halbert.*  Further, respondent acknowledges that the State of Michigan has

*David v. Birkett,* 05-71519-DT

already confessed error twice in habeas cases in which appellate counsel was denied to an indigent criminal defendant in a guilty plea appeal case.  In one case, habeas relief was granted. *See Keyes v. Renico,* 2005 WL 2173212 (E.D. Mich. September 2, 2005)(Tarnow, J.).  The other matter remains pending before the district court. *See Santos-Rosario v. Renico,* U.S.D.C. 05-70456-DT (Rosen, J.). [1]

Furthermore, a review of the docket sheet from the Sixth Circuit's website in *Simmons v. Metrish,* indicates that on December 16, 2005, the Sixth Circuit scheduled briefing, with the final briefs not being due until April 3, 2006. [2]  In light of the fact that it often takes substantial time for the Sixth Circuit to reach a decision following the submission of briefs, holding petitioner's case in abeyance could lead to an undue delay in the adjudication of petitioner's claims.  This Court will therefore not grant respondent's motion to hold the case in abeyance pending a decision by the Sixth Circuit in *Simmons,* because such a lengthy stay of the proceedings could lead to the unnecessary deprivation of liberty to petitioner. *See*

---

[1] See Respondent's Answer at p. 4 [Dkt Entry 5].  A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).

[2] A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

*David v. Birkett,* 05-71519-DT

*e.g. United States v. Bogle,* 855 F. 2d 707, 710-11 (11th Cir. 1988).

Finally, the Court will deny respondent's motion to hold the case in abeyance, because petitioner opposes further delay in the proceedings. *Tillmon,* 119 F. Supp. 2d at 707.

Accordingly, the Court will deny respondent's motion to hold the case in abeyance and will order respondent to file an answer to the amended petition within thirty days of this Court's order.  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses.  Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## II.  ORDER

IT IS HEREBY ORDERED That Respondent's Motion to Hold Case in Abeyance is **DENIED.**

**IT IS FURTHER ORDERED** That Respondent shall be given **thirty days** from

4

*David v. Birkett,* 05-71519-DT

the date of the Court's order to file a responsive pleading to the amended habeas petition.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty five days** from the receipt of the respondent's answer to file a reply brief, if he so chooses.

                        s/Arthur J. Tarnow
                        Arthur J. Tarnow
                        United States District Judge

Dated: January 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2006, by electronic and/or ordinary mail.

                        s/Catherine A. Pickles
                        Judicial Secretary