UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

JOHN DAVID,

    Petitioner,                         Civil No. 05-CV-71519-DT
                                             HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE
PETITION FOR WRIT OF HABEAS CORPUS**

John David, ("petitioner"), presently confined at Camp Lehman in Grayling, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* habeas application, petitioner challenges his conviction for operating under the influence of liquor causing death, M.C.L.A. 257.625(4). For the reasons stated below, petitioner's application for writ of habeas corpus is **CONDITIONALLY GRANTED**.

**I. Background**

Petitioner pleaded guilty to the above offense on October 3, 2000 in the Macomb County Circuit Court. On November 8, 2000, petitioner was sentenced to 86 to 180 months in prison.

On December 12, 2000, Petitioner filed a timely request for the appointment of appellate counsel. Counsel was not appointed as appellate counsel until August 17, 2001. On October 3, 2001, appellate counsel visited petitioner in prison and informed petitioner that he could find no viable issues for appeal. Petitioner, however, refused to

1

*David v. Birkett,* 05-CV-71519-DT

sign a waiver of appeal form.

Against petitioner's wishes, appellate counsel moved to withdraw on October 22, 2001. Appellate counsel, however, failed to file a brief with his motion to withdraw that was in conformity with the dictates of *Anders v. California,* 386 U.S. 738 (1967). The trial court granted appellate counsel's motion to withdraw. The trial court never appointed substitute appellate counsel, despite petitioner's letter request on October 29, 2001 for the appointment of substitute appellate counsel.[1]

Petitioner subsequently filed a motion for relief from judgment, which was denied. *People v. David,* No. 00-2587-FH (Macomb County Circuit Court, September 22, 2003); *reconsideration den.,* November 7, 2003. The Michigan appellate courts denied petitioner leave to appeal. *People v. David,* No. 254438 (Mich.Ct.App. May 25, 2004); *lv. den.* 471 Mich. 949; 690 N.W. 2d 107 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The statutory language and confusion of M.C.L. 257.625(4) which formed the basis of petitioner's arrest and conviction was vague as to deny petitioner due process under the Fourteenth Amendment.
>
> II. Petitioner's right to counsel was violated due to the effective assistance of trial counsel based on: counsel's misunderstanding of the law resulting in petitioner's guilty plea being involuntarily, knowingly (sic) and intelligently (sic) made; counsel's failure to investigate and explore a plausible defense.
>
> III. Petitioner was entitled to withdraw his plea where the record lacked a

---

[1] *See* Petitioner's Exhibit M, attached to the amended petition for writ of habeas corpus.

*David v. Birkett,* 05-CV-71519-DT

sufficient factual basis to support the elements needed to support a conviction.

IV. The state court's application of M.C.R. 6.508(D) was in error because the claims raised by petitioner not only met the burden of M.C.R. 6.508(D), but were in fact jurisdictional in nature, where a showing of good cause and or prejudice was not a burden he had to overcome.

V. Petitioner was denied his right to counsel due to ineffectiveness of his appellate counsel on his first appeal of right.  Thus, consideration of the issues raised on collateral attack should be considered by this Court.

VI. Petitioner's right to due process was violated due to the cumulative weight of the errors committed, including the vagueness of the statute, the denial of the right to counsel during the trial and appellate stages.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

3

*David v. Birkett,* 05-CV-71519-DT

06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. However, an "unreasonable application" of clearly established federal law can occur where the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Ruimveld v. Birkett,* 404 F. 3d 1006, 1010 (6th Cir. 2005); *Hill v. Hofbauer,* 195 F. Supp. 2d 871, 878 (E.D. Mich. 2001)(both quoting *Willams,* 529 U.S. at 407).

### III.  Discussion

The Court will first address petitioner's fifth claim, because this is the claim that the Court is granting habeas relief. Petitioner contends that he was denied the assistance of counsel on appeal when the trial court permitted his court-appointed appellate counsel to withdraw without filing an *Anders* brief and without making any determination as to whether petitioner's case contained any viable issues as required by *Anders v. California, supra.* Nor was petitioner allowed to respond to the request to withdraw as counsel.

Respondent acknowledges in his answer that appellate counsel withdrew without filing an *Anders* brief. The Court will therefore accept the factual allegations

4

*David v. Birkett,* 05-CV-71519-DT

contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002).

A defendant has an absolute right to be represented by counsel on his first appeal from his conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In the present case, petitioner pleaded guilty. The Court has ruled that a person who pleads guilty in Michigan has a right to the assistance of appellate counsel on his first-tier appeal with the Michigan Court of Appeals. *Halbert v. Michigan,* 125 S. Ct. 2582, 2586 (2005); *Keyes v. Renico,* 2005 WL 2173212 (E.D. Mich. September 2, 2005).

In the present case, appellate counsel was appointed to represent petitioner, but was permitted to withdraw without first filing an *Anders* brief.

In *Anders, supra,* at 744, the U.S. Supreme Court held that a court-appointed appellate counsel could move to withdraw, if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. *Id.* The Supreme Court indicated that

5

*David v. Birkett,* 05-CV-71519-DT

the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. *Id.*

An appellate counsel's failure to meet the requirements of *Anders* for withdrawing from the representation of a criminal defendant is presumptively prejudicial. *See Allen v. United States,* 938 F. 2d 664, 666 (6th Cir. 1991); *Freels v. Hills,* 843 F. 2d 958, 962-63 (6th Cir. 1988); *United States v. Anderson,* 409 F. Supp. 2d 925, 926 (N.D. Ohio 2005). Appellate counsel's failure in this case to withdraw from petitioner's appeal in compliance with the dictates of *Anders* amounted to the constructive denial of appellate counsel for petitioner. This Court concludes that petitioner was deprived of his right to the assistance of appellate counsel and is therefore entitled to the issuance of a writ of habeas corpus.

The remaining question for the Court is what the appropriate habeas remedy would be in this case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require."

In the present case, the Court believes that the proper remedy would be to issue a writ of habeas corpus, conditioned upon the Macomb County Circuit Court ordering petitioner's previous appellate counsel to follow the procedures specifically mandated by *Anders* for withdrawing as appellate counsel. *Freels,* 843 F. 2d at 964. Petitioner

6

*David v. Birkett,* 05-CV-71519-DT

shall be served a copy of the *Anders* brief by appellate counsel and given time to respond.  The trial court shall then review the pleadings and the record to determine whether appellate counsel should be permitted to withdraw as appellate counsel.  If the trial court determines that there are no issues of merit, appellate counsel shall be permitted to withdraw as counsel.  On the other hand, if the trial court determines that there are potential issues of merit, the trial court shall issue an order pursuant to M.C.R. 6.428 to re-start the time within which petitioner, with the assistance of his appointed counsel, can perfect a direct appeal with the Michigan Court of Appeals.

Because this Court's conclusion that petitioner is entitled to habeas relief on this claim is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562, 567 (E.D. Mich. 2005); *aff'd,* 453 F. 3d 362 (6th Cir. 2006).

### IV.  ORDER

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED**.  It is further **ORDERED** that the Macomb County Circuit Court shall, within sixty days of this order, order petitioner's previously appointed appellate counsel to file a brief in compliance with *Anders v. California.*  Petitioner shall then be given sixty days to respond to appellate counsel's *Anders* brief, if he chooses.  Within thirty days of receipt of appellate counsel's *Anders* brief and any possible response from petitioner, the Macomb County Circuit Court shall make a determination as to whether any potential issues of merit for an appeal exist.  If the trial court

*David v. Birkett,* 05-CV-71519-DT

determines that there are no issues of merit, appellate counsel shall be permitted to withdraw.  If the trial court determines that there are any potential issues of merit, the trial court shall re-issue the judgment in this case pursuant to M.C.R. 6.428 to restart the time for filing an application for leave to appeal.  Appellate counsel, or new appellate counsel for the petitioner shall then prepare an application for leave to appeal within fifty-six days after the judgment is re-issued by the Macomb County Circuit Court.

s/Arthur J. Tarnow
**Arthur J. Tarnow**
**United States District Judge**

**Dated:  September 15, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2006, by electronic and/or ordinary mail.**

s/Catherine A. Pickles
**Judicial Secretary**