UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

JOHN DAVID,

    Petitioner,                             Civil No. 05-CV-71519-DT
                                         HONORABLE ARTHUR J. TARNOW
v.                                       UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

## SECOND ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

On April 19, 2005, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for operating under the influence of liquor causing death, M.C.L.A. 257.625(4). On May 5, 2005, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by June 24, 2005. Respondent subsequently filed a motion to hold the case in abeyance pending the Sixth Circuit's decision in *Simmons v. Metrish,* U.S.C.A. 03-2609, which concerned the scope and applicability of *Halbert v. Michigan,* 125 S. Ct. 2582 (2005). This motion was denied by Judge Tarnow on January 5, 2006. After being given an extension of time, respondent filed an answer to the petition on February 6, 2006.

On September 15, 2006, Judge Tarnow issued a conditional writ of habeas corpus based upon appellate counsel's failure to withdraw from petitioner's state court appeal in compliance with the dictates of *Anders v. California,* 386 U.S. 738 (1967). The Court directed the Macomb County Circuit Court to order petitioner's previous

1

appellate counsel to follow the procedures specifically mandated by *Anders* for withdrawing as appellate counsel by determining whether petitioner's appeal had any merit. Because the claim was dispositive of the petition, the Court considered it unnecessary to review petitioner's other claims and declined to do so.

On September 24, 2007, petitioner filed a motion to reopen his habeas petition, following the state trial and appellate courts' decision to again permit appellate counsel to withdraw from petitioner's case. In his motion, petitioner sought review of all of the claims that he originally raised in his petition, including his fifth claim that he was deprived of his right to the assistance of appellate counsel when the trial court failed to comply with the procedures outlined in *Anders* for permitting appellate counsel to withdraw from an appeal. On January 2, 2008, Judge Tarnow reopened petitioner's habeas petition to the active docket, granted petitioner sixty days to file supplemental authority, and gave respondent sixty days from the receipt of petitioner's supplemental authority to file a supplemental answer and any additional Rule 5 materials.

On April 24, 2008, the respondent filed supplemental rule 5 materials in this case. In reviewing these materials, however, it appears that the respondent failed to file a transcript from a hearing conducted before the Macomb County Circuit Court on or about January 8, 2007, in which the trial court again permitted petitioner's appellate counsel to withdraw from the case. This transcript is required for resolving petitioner's *Anders* claim, because it will be necessary to review the transcript to determine whether the trial court adequately complied with the procedures outlined in *Anders* for permitting appellate counsel to withdraw.

The habeas corpus rules require respondents to attach the relevant portions of

2

the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the Court orders respondent to produce the transcript from the evidentiary hearing conducted in the Macomb County Circuit Court on or about January 8, 2007 concerning appellate counsel's motion to withdraw within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with

3

the order.

                                                  S/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

**Dated: September 10, 2008**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 10, 2008.

                                                  S/G. Wilson
                                                  Judicial Assistant