**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN DAVID,

    Petitioner,                                    Civil No. 05-CV-71519-DT
                                                 HONORABLE ARTHUR J. TARNOW
v.                                            UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

John David, ("petitioner"), presently confined at Camp Lehman in Grayling, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* habeas application, petitioner challenges his conviction for operating under the influence of liquor causing death, M.C.L.A. 257.625(4). For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED**.

**I. Background**

Petitioner pleaded guilty to the above offense on October 3, 2000 in the Macomb County Circuit Court, as part of a plea bargain with the Macomb County Prosecutor. On November 8, 2000, petitioner was sentenced to 86 to 180 months in prison.

On December 12, 2000, Petitioner filed a timely request for the appointment of appellate counsel. Counsel was not appointed as appellate counsel until August 17, 2001. On October 3, 2001, appellate counsel visited petitioner in prison and informed petitioner that he could find no viable issues for appeal. Petitioner, however, refused to sign a waiver of appeal form.

*David v. Birkett,* 05-CV-71519-DT

Against petitioner's wishes, appellate counsel moved to withdraw on October 22, 2001. Appellate counsel, however, failed to file a brief with his motion to withdraw that was in conformity with the dictates of *Anders v. California,* 386 U.S. 738 (1967). The trial court granted appellate counsel's motion to withdraw. The trial court never appointed substitute appellate counsel, despite petitioner's letter request on October 29, 2001 for the appointment of substitute appellate counsel. [1]

Petitioner subsequently filed a motion for relief from judgment, which was denied. *People v. David,* No. 00-2587-FH (Macomb County Circuit Court, September 22, 2003); *reconsideration den.,* November 7, 2003. The Michigan appellate courts denied petitioner leave to appeal. *People v. David,* No. 254438 (Mich.Ct.App. May 25, 2004); *lv. den.* 471 Mich. 949; 690 N.W. 2d 107 (2004).

On April 19, 2005, petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the following grounds:

> I. The statutory language and confusion of M.C.L. 257.625(4) which formed the basis of petitioner's arrest and conviction was vague as to deny petitioner due process under the Fourteenth Amendment.
>
> II. Petitioner's right to counsel was violated due to the effective assistance of trial counsel based on: counsel's misunderstanding of the law resulting in petitioner's guilty plea being involuntarily, knowingly (sic) and intelligently (sic) made; counsel's failure to investigate and explore a plausible defense.
>
> III. Petitioner was entitled to withdraw his plea where the record lacked a sufficient factual basis to support the elements needed to support a conviction.

---

[1] *See* Petitioner's Exhibit M, attached to the amended petition for writ of habeas corpus.

> IV. The state court's application of M.C.R. 6.508(D) was in error because the claims raised by petitioner not only met the burden of M.C.R. 6.508(D), but were in fact jurisdictional in nature, where a showing of good cause and or prejudice was not a burden he had to overcome.
>
> V. Petitioner was denied his right to counsel due to ineffectiveness of his appellate counsel on his first appeal of right. Thus, consideration of the issues raised on collateral attack should be considered by this Court.
>
> VI. Petitioner's right to due process was violated due to the cumulative weight of the errors committed, including the vagueness of the statute, the denial of the right to counsel during the trial and appellate stages.

On September 15, 2006, this Court issued a conditional writ of habeas corpus based upon appellate counsel's failure to withdraw from petitioner's state court appeal in compliance with the dictates of *Anders.* The Court directed the Macomb County Circuit Court to order petitioner's previous appellate counsel to follow the procedures specifically mandated by *Anders* for withdrawing as appellate counsel by determining whether petitioner's appeal had any merit. Because this claim was dispositive of the petition, the Court considered it unnecessary to review petitioner's other claims and declined to do so. *See David v. Birkett,* No. 2006 WL 2660763 (E.D. Mich. September 15, 2006).

On November 14, 2006, petitioner's original appellate counsel filed a motion to withdraw as counsel with the Macomb County Circuit Court. On December 13, 2006, petitioner filed an answer to appellate counsel's motion to withdraw. On January 8, 2007, the Macomb County Circuit Court permitted appellate counsel to withdraw from petitioner's appeal. Petitioner's conviction was again affirmed on appeal. *People v.*

*David,* No. 276640 (Mich.Ct.App. May 21, 2007); *lv. den.* 480 Mich. 860; 737 N.W. 2d 736 (2007).

On January 2, 2008, this Court granted petitioner's motion to reinstate his habeas petition to the original docket, granted petitioner sixty days to file supplemental authority, and granted respondent sixty days from receipt of petitioner's supplemental authority to file a supplemental answer. On January 14, 2008, petitioner filed his supplemental authority. Respondent has not filed a supplemental answer.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11

### III. Discussion

**A. Claim # 1. The statutory language and confusion of M.C.L. 257.625(4) which formed the basis of petitioner's arrest and conviction was vague as to deny petitioner due process under the Fourteenth Amendment.**

Petitioner first claims that M.C.L.A. 257.625(4), the statute that he was convicted under, is unconstitutionally vague, in that the statute fails to provide adequate notice as to whether a defendant's intoxication, as opposed to the defendant's operation of a motor vehicle, is the proximate cause of a victim's death.

The Supreme Court has indicated that "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). However, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citations omitted). Therefore, with the exception of cases which involve First Amendment guarantees, a defendant bears the burden of establishing that the statute is vague as applied to his or her particular case, not merely that the statute could be

5

construed as being vague in some hypothetical situation. *See United States v. Krumei,* 258 F. 3d 535, 537 (6th Cir. 2001).

At the time of petitioner's guilty plea, the elements of the offense of Operating Under the Influence of Liquor (OUIL) causing death were:

> (1) the defendant was operating a motor vehicle on a public highway or other place open to the general public while under the influence of intoxicating liquor;
> (2) the defendant voluntarily decided to operate the vehicle knowing that he or she had consumed alcohol and might be intoxicated; and,
> (3) the defendant's intoxicated driving was a substantial cause of the victim's death.

*People v. Lardie*, 452 Mich. 231, 234, 259-260; 551 N.W. 2d 656 (1996); *See also Herron v. Smith,* 138 Fed. Appx. 753, 758 (6th Cir. 2005).

Subsequent to petitioner's plea and his post-conviction application in the state courts, the Michigan Supreme Court in *People v. Schaefer,* 473 Mich. 418; 433-34, 703 N.W. 2d 774 (2005) overruled in part its holding in *Lardie*, finding that the offense of OUIL causing death did not require proof that the defendant's intoxicated driving was the substantial cause of victim's death. Instead, the statute required that the defendant's operation of a motor vehicle was the cause of the death, with intoxication as a separate element of the offense. *Id.* The Michigan Supreme Court concluded that the elements of OUIL causing death were:

> (1) the defendant was operating his or her motor vehicle in violation of M.C.L.A. 257.625(1), (3), or (8);
> (2) the defendant voluntarily decided to drive, knowing that he or she had consumed an intoxicating agent and might be intoxicated; and
> (3) the defendant's operation of the motor vehicle caused the victim's death.
> See Schaefer, 473 Mich. at 434.

*David v. Birkett,* 05-CV-71519-DT

The Michigan Supreme Court further ruled that its holding in *Schaefer* should be retroactively applied. *Id.,* 473 Mich. at 444, n. 80.

In *People v. Derror,* 475 Mich. 316, 341; 715 N.W. 2d 822 (2006), the Michigan Supreme Court clarified its ruling in *Schaefer* that the prosecution need only prove that a defendant's driving, and not his or her intoxication, was the proximate cause of the accident.

Petitioner has failed to show that Michigan's OUIL causing death statute is void for vagueness, as applied to his case. M.C.L.A. 257.625(4) is not unconstitutionally vague for allegedly failing to provide ordinary person with notice of prohibited conduct, because the statute clearly and unambiguously prohibits a person from driving a motor vehicle after consuming alcohol. *See Derror,* 475 Mich. at 336 (statute prohibiting operation of vehicle with schedule 1 controlled substance present in body was not unconstitutionally vague by allegedly failing to provide ordinary person with notice of prohibited conduct; statute clearly and unambiguously prohibited driving after ingesting controlled substance). Petitioner is not entitled to habeas relief on his first claim.

> **B. Claim # 2.** **Petitioner's right to counsel was violated due to the effective assistance of trial counsel based on: counsel's misunderstanding of the law resulting in petitioner's guilty plea being involuntarily, knowingly (sic) and intelligently (sic) made; counsel's failure to investigate and explore a plausible defense.**

Petitioner next contends that he was deprived of the effective assistance of trial counsel.

To show that she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner contends that his counsel was ineffective for advising petitioner to plead guilty, rather than to argue that petitioner's intoxication did not cause the fatal accident.

As indicated when discussing petitioner's first claim above, the Michigan Supreme Court has interpreted Section 625(4) as requiring that the victim's death be caused by the defendant's operation of the vehicle, not by the defendant's intoxicated operation of the vehicle. *Schaefer,* 473 Mich. at 433. The manner in which petitioner's intoxication affected his operation of the vehicle is unrelated to the causation element of this crime. *Id.* Counsel was therefore not ineffective for failing to present a defense

8

*David v. Birkett,* 05-CV-71519-DT

that petitioner's intoxication did not cause the victim's death, because the state was merely required to prove that petitioner's operation of the motor vehicle was a proximate cause of the victim's death. Petitioner is not entitled to habeas relief on his second claim.

### C. Claim # 3. Petitioner was entitled to withdraw his plea where the record lacked a sufficient factual basis to support the elements needed to support a conviction.

Petitioner next claims that his guilty plea should be set aside, because the court failed to elicit a sufficient factual basis on this charge prior to accepting his plea of guilty.

The failure of a state court to elicit a factual basis before accepting a guilty plea does not provide a ground for federal habeas relief. *Meyers v. Gillis*, 93 F. 3d 1147, 1151 (3rd Cir. 1996). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgreive,* 174 F. Supp. 2d at 582.

> [T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes.

9

*United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir.1995). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583; *See also Coddington v. Langley,* 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002)*; rev'd on other grds,* 77 Fed. Appx. 869 (6th Cir. 2003). Petitioner is therefore not entitled to habeas relief on his third claim.

> **D. Claim # 4.** **The state court's application of M.C.R. 6.508(D) was in error because the claims raised by petitioner not only met the burden of M.C.R. 6.508(D), but were in fact jurisdictional in nature, where a showing of good cause and or prejudice was not a burden he had to overcome.**

Petitioner next alleges various defects in how his post-conviction motion was handled by the state trial and appellate courts. A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). Any error in the application of Michigan's post-conviction statute is an error of state law that would not be cognizable in federal habeas review. *See Simpson v. Jones,* 238 F. 3d 399, 406-407 (6th Cir. 2000); *See also Newman v. Metrish*, 492 F. Supp. 2d 721, 735 (E.D. Mich. 2007); *aff'd* — F.3d ----, 2008 WL 4459824 (6th Cir. October 6, 2008).

**E. Claim # 5.   Petitioner was denied his right to counsel due to ineffectiveness of his appellate counsel on his first appeal of right. Thus, consideration of the issues raised on collateral attack should be considered by this Court.**

Petitioner again appears to seek relief on his fifth claim that he was denied the effective assistance of appellate counsel when the trial court permitted his court-appointed appellate counsel to withdraw.

As mentioned above, this Court originally granted petitioner habeas relief on this claim, finding that appellate counsel's failure in this case to withdraw from petitioner's appeal in compliance with the dictates of *Anders* amounted to the constructive denial of appellate counsel for petitioner.

On November 14, 2006, petitioner's original appellate counsel filed a motion to withdraw as counsel with the Macomb County Circuit Court. On December 13, 2006, petitioner filed an answer to appellate counsel's motion to withdraw. On January 8, 2007, the Macomb County Circuit Court permitted appellate counsel to withdraw from petitioner's appeal, after determining from a review of the *Anders* brief and the trial court record that there were no issues of merit that could conceivably be raised by appellate counsel.

In *Anders v. California,* 386 U.S. 738, 744 (1967), the U.S. Supreme Court held that a court-appointed appellate counsel could move to withdraw, if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might

arguably support the appeal." *Id.* A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. *Id.* The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. *Id.*

After this Court issued a conditional writ of habeas corpus, petitioner's appellate counsel filed a motion to withdraw as appellate counsel, along with a brief in support, in which he indicated that after a thorough and conscientious review of the record, he found there to be no appealable issues of merit as to the issues that petitioner wished to raise on appeal, particularly with respect to the constitutionality of the criminal charge, the validity of petitioner's plea, the effectiveness of trial counsel, and petitioner's sentence. Counsel filed a seven page *Anders* brief in support of the motion, in which he discussed the facts of the case, and then explained why there were no appealable issues.

Petitioner was then permitted to file an answer to the motion to withdraw, in which he argued that he had issues of merit. After reviewing the pleadings, the trial court on the record determined that there were no issues of merit that could be raised on appeal and permitted counsel to withdraw from the case.

This Court concludes that the procedure employed by appellate counsel and the Macomb County Circuit Court in this case afforded petitioner adequate and effective appellate review. Appellate counsel's motion to withdraw and supporting brief

discussed the facts of the case. Appellate counsel explained why he believed that there were no appealable issues concerning the validity of the OUIL statute, the voluntariness of the plea, the effectiveness of counsel, or sentencing. Petitioner filed a response to the motion to withdraw. The Macomb County Circuit Court judge reviewed the record, found that any appeal would be frivolous, and permitted appellate counsel to withdraw. Petitioner is not entitled to habeas relief on his fifth claim. *See e.g. Urena v. People of State of New York,*
160 F. Supp.2d 606, 612 (S.D.N.Y. 2001).

> **F. Claim # 6.** **Petitioner's right to due process was violated due to the cumulative weight of the errors committed, including the vagueness of the statute, the denial of the right to counsel during the trial and appellate stages.**

Petitioner lastly alleges that he is entitled to habeas relief because of cumulative error. The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002). Therefore, petitioner is not entitled to habeas relief on his cumulative errors claim. *Id.; See also Dorchy v. Jones,* 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004); *aff'd* 398 F. 3d 783 (6th Cir. 2005).

*David v. Birkett,* 05-CV-71519-DT

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


                                                S/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Judge

Dated:  November 4, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 4, 2008, by electronic and/or ordinary mail.

                                                S/Catherine A. Pickles
                                                Judicial Secretary